# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Todd White, | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| vs. | : | Judge |
| | : | |
| Management & Training Corp., *et al.*, | : | |
| | : | **NOTICE OF REMOVAL** |
| Defendants. | : | |
| | : | |

Defendant Trinity Services Group, Inc. ("Trinity"), by and through counsel, Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-captioned action to this this Court and states as follows:

1. Plaintiff Todd White ("Plaintiff") named Trinity as a Defendant in the case captioned as *White v. Management & Training Corp., et al.*, No. 2019 CV 0327 filed and pending in the Marion County Court of Common Pleas (the "State Court"). A true and accurate copy of all pleadings in the State Court are attached to this Notice of Removal as Exhibit A.

2. Plaintiff filed his Complaint in the State Court on May 16, 2019.

3. Plaintiff served Trinity with the Complaint and related summons on July 11, 2019.

4. This action could have originally been filed in this Court pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**COMPLETE DIVERSITY**

5. Plaintiff is a natural person and resident of the state of Ohio and is currently an inmate at North Central Correctional Complex ("NCCC"). (Complaint at ¶ 1.)

6. Defendant Management & Training Corporation is a corporation organized under the laws of the state of Delaware with its principal place of business in Centreville, Utah. (Complaint at ¶ 3.)

7. Defendant Trinity Services Group, Inc. is a corporation organized under the laws of Florida with its principal place of business in Oldsmar, Florida. (Complaint at ¶ 6.)

8. Accordingly, complete diversity exists between the Parties.

**AMOUNT IN CONTROVERSY**

9. The claims for relief by Plaintiff on the face of his Complaint place an amount in controversy between the parties in excess of $75,000.

10. Ordinarily, the amount in controversy requirement for removal is determined from a "fair reading" of plaintiff's complaint or a "reasonable extrapolation" from allegations contained in it. *Hays v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001); *see also Davis v. Kindred Nursing Ctrs. E., L.L.C.*, No. 2:05-cv-1128, 2006 U.S. Dist. LEXIS 11425, at *2 (S.D. Ohio Mar. 2, 2006).

11. The Complaint states that Plaintiff demands judgment "in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00)." (Complaint at WHEREFORE paragraph following ¶ 22.) This is merely the jurisdictional limit for the State Court. Although the Complaint does not expressly allege that the amount in controversy exceeds $75,000, the factual allegations contained in the Complaint and other evidence dictate that the actual amount in

controversy is greater than $75,000, exclusive of interest and costs.

12. Plaintiff avers that because of a fall on a concrete kitchen floor in NCCC, he "sustained serious injuries to his right elbow" and "injuries to his left hip." (Complaint at ¶ 6.)

13. Specifically, Plaintiff alleges that his slip and fall resulted in "a fractured right elbow, a hairline fracture in the left hip, . . . extreme pain, anxiety, fear, loss of range of motion in his elbow, loss of quality of life, and lost income[.]" (Complaint at ¶ 21.) The allegations in Plaintiff's Complaint plead significant injuries that, on their face, purport to involve substantial medical costs, lost earnings, and emotional distress. (*Id.*)

14. For purposes of determining the amount in controversy where the Plaintiff does not specifically plead the amount in controversy, courts may consider jury verdicts with similar facts. *Taylor v. Alterra Healthcare Corp.*, No. 06-13057-BC, 2006 WL 2360781, at *2 (E.D. Mich. Aug. 15, 2006) (finding that evidence of awards in similar cases was adequate to show that plaintiffs allegations "more likely than not" met the amount in controversy requirement).

15. Regarding Plaintiff's request for emotional pain and suffering damages, nothing ties such non-economic damages to any economic metric, and juries have often award such damages in excess of $75,000, without even factoring compensatory damages. *See, e.g., Coin v. Wal-Mart Stores, Inc.*, No. 99-5754, 2000 U.S. App. LEXIS 18769, at *1 (6th Cir. Aug. 1, 2000) ($400,000 for pain and suffering due to two broken wrists); *Layne v. Wal-Mart Stores, Inc.*, 24 F. App'x 364, 365 (6th Cir. 2001) ($1.5 million for pain and suffering for knee damage).

16. In addition to the emotional distress aspect of his claims, "slip-and-fall" cases involving broken limbs, like Plaintiff's, have previously yielded awards exceeding $75,000.

17. For example, as far back as 2001, the Sixth Circuit affirmed a jury award of $1.1

million in a slip-and-fall that resulted in a fractured hip. *Meyers v. Wal-Mart Stores, Inc.*, 257 F.3d 625, 628–29 (6th Cir. 2001).

18. In *Pritt v. Edward J. Debartolo Corp.*, No. 72730, 1998 Ohio App. LEXIS 4800 (Ohio Ct. App. Oct. 8, 1998), plaintiff slipped at a shopping mall food court and fractured her elbow. The jury awarded plaintiff and her husband $138,934 in damages. *Id.* at *1..

19. Numerous other unreported cases support that under similar facts, the amount in controversy exceeds $75,000. *See Brown v. The Ohio State University*, No. 2012-04057, Court of Claims (June 6, 2013) (settlement for $100,000 for broken arm resulting from slip-and-fall); *Kayne v. Univ. of Toledo Med. Ctr.*, No. 2011-12692, Court of Claims (May 16, 2013) ($94,220.36 verdict for broken arm resulting from slip-and-fall); *Zerbe v. Heart Institute of Nw. Ohio, Inc.*, No. CV-2008-1565, Allen Cty. Com. Pl. (Apr. 30, 2010) ($92,000 settlement for broken hip resulting from slip-and-fall); *DiNardo v. Quilles*, No. CV-09-692489, Cuyahoga Cty. Com. Pl. (Dec. 15, 2009) ($87,500 settlement for broken toe resulting from slip-and-fall); *Parker v. AAA Standard Servs., Inc.*, No. 2007-05534, Lucas Cty. Com. Pl. (Nov. 6, 2009) ($177,500 verdict for broken hip resulting from slip-and-fall); *Herman v. Pilgrim Church of the United Christ*, No. 2007-02621, Lucas Cty. Com. Pl. (Sept. 7, 2007) ($161,000 verdict for broken hip resulting from slip-and-fall).

20. Therefore, on the face of Plaintiff's allegations, the amount in controversy for Plaintiff's injuries alone, whether factoring in emotional distress or not, likely exceeds $75,000.

21. Accordingly, the amount in controversy exceeds the District Court's jurisdictional threshold of $75,000.

## REMOVAL VENUE AND REMAINING PROCEDURE

22. The United State District Court for the Northern District of Ohio, Western Division, is the federal judicial district from which removal is proper from the State Court where Plaintiff initiated this suit pursuant to 28 U.S.C. 1441(a).

23. This Notice of Removal is timely filed within 30 days of Plaintiff's service of the Complaint on Trinity, in accordance with 28 U.S.C. § 1446(b).

24. Management & Training Corporation, the only other defendant properly joined and served in this action, consents to removal of the action pursuant to 29 U.S.C. § 1446(b)(2)(A).

25. Written notice of the filing of this Notice of Removal will be provided to Plaintiff. Also, a copy of this Notice of Removal and its exhibits will be separately filed with the Clerk of Court for the State Court, pursuant to 28 U.S.C. § 1446(d).

26. If any question arises as to the propriety of the removal of this action, Trinity respectfully requests the opportunity to present a brief in support of his position that this case is removable.

Respectfully submitted,

/s/ *Tracey L. Turnbull*
Tracey L. Turnbull (0066958)
PORTER WRIGHT MORRIS & ARTHUR LLP
950 Main Avenue, Suite 500
Cleveland, Ohio 44113
Telephone:  216-443-9000
Fax:  216-443-9011
tturnbull@porterwright.com

        Ryan L. Graham (0093826)
        PORTER, WRIGHT, MORRIS & ARTHUR LLP
        41 South High Street, Suite 2900
        Columbus, Ohio 43215
        Telephone:  (614) 227-2000
        Fax:  (614) 227-2100
        rgraham@porterwright.com

*Counsel for Defendant Trinity Services Group, Inc.*

**Certificate of Service**

The undersigned certifies the foregoing *Notice Of Removal* was served via the Court's ECF system and regular U.S. Mail, postage prepaid on August 8, 2019 upon the following counsel of record:

Patricia Horner
412 14th Street
Toledo, Ohio 43604
Telephone:  (419) 699-6163
*Counsel for Plaintiff*

Timothy T. Reid
Kenneth E. Smith
Mansour Gavin LPA
1001 Lakeside Ave, Suite 1400
Cleveland, Ohio 44114
Telephone:  (216) 523-1500
Fax:  (216) 523-1705
*Counsel for Defendant Management & Training Corporation*

/s/ *Tracey L. Turnbull*
One of the Attorneys for Defendant Trinity Services Group, Inc.

DMS/12615035v.1