CT Corporation

**Service of Process Transmittal**
07/12/2019
CT Log Number 535843351

**TO:** Alexander Lee, VP, General Counsel & Secretary
TKC Holdings, Inc.
1260 Andes Blvd.
Saint Louis, MO 63132

**RE:** **Process Served in Ohio**

**FOR:** Trinity Services Group, Inc.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TODD WHITE, PLTF. vs. MANAGEMENT & TRAINING CORP. AND Trinity Services Group, Inc., DFts. |
| **DOCUMENT(S) SERVED:** | SUMMONS, ATTACHMENT |
| **COURT/AGENCY:** | Marion County Common Pleas Court, OH<br>Case # 2019CV0327 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 05/20/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/12/2019 postmarked on 07/09/2019 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | WITHIN 28 DAYS AFTER SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE |
| **ATTORNEY(S) / SENDER(S):** | PAT HORNER<br>412 14th STREET<br>TOLEDO, OH 43604 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/12/2019, Expected Purge Date: 07/17/2019<br><br>Image SOP<br><br>Email Notification,  Rich Kismer  rkismer@centricgroup.com<br><br>Email Notification,  Tabitha Bono  tbono@tkcholdings.com<br><br>Email Notification,  Alexander Lee  alee@tkcholdings.com<br><br>Email Notification,  Alex Lee  alee@centricgroup.com<br><br>Email Notification,  Mary Clemens  mclemens@tkcholdings.com<br><br>Email Notification,  PAMELA MEHLHOUSE  pamela.mehlhouse@tkcholdings.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>4400 Easton Commons Way<br>Suite 125 |

Page 1 of  2 / RB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
07/12/2019
CT Log Number 535843351

**TO:**  Alexander Lee, VP, General Counsel & Secretary
TKC Holdings, Inc.
1260 Andes Blvd.
Saint Louis, MO 63132

**RE:**  **Process Served in Ohio**

**FOR:**  Trinity Services Group, Inc.  (Domestic State: FL)

**TELEPHONE:**      Columbus, OH 43219
617-531-5859

Page 2 of  2 / RB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Jessica Wallace
Marion County Clerk of Courts
100 N. Main Street
Marion, OH 43302

9414 7266 9904 2110 7686 39

U.S. POSTAGE >> PITNEY BOWES

ZIP 43302 $ 007.10⁰
02 4W
0000355445 JUL. 09, 2019

2019 CV 0327
9 4 1472 6699 0421 1076 862 2

Trinity Services Group, Inc
c/o Statutory Agent
CT Corp. System
4400 Easton Common Way, Suite
Columbus, OH 43219

# SUMMONS ON COMPLAINT
## Court of Common Pleas, Marion County, Ohio
### Jessica Wallace, Clerk of Courts

**Date of Issuance: July 8, 2019**

Todd White vs. Management & Training Corp. et al      2019 CV 0327

Todd White, Plaintiff
c/o Pat Horner, Atty
412 14th Street
Toledo, OH 43604

**To:**    **Trinity Services Group, Inc.**
       c/o Statutory Agent
       CT Corp. System
       4400 Easton Common Way, Suite 125
       Columbus, OH 43219

To the following named defendants:

You have been named defendant(s) in a complaint filed in:
       Marion County Court of Common Pleas
       Marion County Courthouse
       100 North Main Street
       Marion, OH 43302

**By:**    **Todd White**
       Attorney: PATRICIA HORNER 39912
               412 FOURTEENTH STREET
               TOLEDO, OH 43624
               (419)-699-6163

plaintiff(s). A copy of the complaint is attached.

You are hereby summoned and required to serve upon the plaintiff's attorney (or upon the plaintiff, if he has no attorney of record) a copy of an answer to the complaint within twenty-eight days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

**JESSICA WALLACE, MARION CO. CLERK OF COURTS**

**By:** _____
       **Deputy Clerk**

COMMON PLEAS COURT
MARION CO. OHIO

2019 MAY 16 PM 3: 53

JESSICA WALLACE
CLERK OF COURTS

In the Common Pleas Court
of Marion County, Ohio

Todd White
C/o Pat Horner, Attorney
412 14th Street
Toledo, OH 43604

Case No.   **2019CV 0327**

Judge   **JUDGE JASON D. WARNER**

Complaint

Plaintiff

v.

Management & Training
Corp.,
C/o Statutory Agent
CT Corp. System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219
        and
Trinity Services Group, Inc.
c/o Statutory Agent
CT Corp. System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

Patricia Horner
S. Ct. #0039912
412 14th Street
Toledo, OH 43604
(419) 699-6163
FAX (419) 244-1119
attorneypath@gmail.com

And
Wesley Miller Jr.
S. Ct. #0043875
2940 Astor Ave.
Columbus, OH 43209
(419) 508-7892

Attorneys for plaintiff

Defendants.

Now comes Todd White, plaintiff, through his attorneys and hereby alleges the

following cause of action.

1. Todd White, plaintiff, is an inmate at North Central Correctional Complex (NCCC)
and has been throughout the time giving rise to the events set forth herein.

1

2. NCCC is located in Marion, Marion County, Ohio. It is a privately operated prison by Management & Training Corporation (MTC) which has its headquarters in Utah, is incorporated in the State of Delaware and is authorized by law to do business in Ohio.

3. At all times relevant here, MTC operates NCCC pursuant to an Agreement of Understanding/Memorandum of Understanding/contract it has with the State of Ohio and its agency Ohio Department of Rehabilitation and Corrections (ODRC). MTC is required by the contract/memorandum of understanding/agreement with the State of Ohio to comply with the laws, rules, code and regulations of the State of Ohio, the rules, regulations, protocol of ODRC and the Constitution of the United States of America and of the State of Ohio.

4. Defendant MTC had a duty to plaintiff pursuant to Ohio laws, rules, codes, regulations and protocol to provide reasonable, safe and appropriate working conditions for inmates, such as plaintiff, who are under its control and in its custody.

5. Defendant MTC its employees, agents, staff and personnel had a duty to plaintiff pursuant to Ohio laws codes, regulations, rules, and protocol to provide reasonable, safe and appropriate working conditions for inmates, such as plaintiff, who are under their control and supervision.

6. Defendant Trinity Services Group, Inc. (hereinafter Trinity) is a foreign corporation, incorporated under the laws of the State of Florida, is authorized to do business in the State of Ohio and has an agreement/contract/memorandum of understanding to provide kitchen services at NCCC, including food preparations, training, instructing and supervising inmates in kitchen services.

7. Plaintiff White was working in the NCCC kitchen on or about May 20, 2017 when he slipped and fell, landing on the concrete floor on his right elbow. Mr. White sustained serious injuries to his right elbow and sustained injuries to his left hip.

8. Plaintiff was not issued slip resistant shoes as required by ODRC for working in and around the NCCC kitchen area. Plaintiff asked NCCC employees, Sargent Nance and C.O. Mrs Smith (first name unknown) for these boots several times, but was not ever issued any.

9. Defendant Trinity, its employees, agents, staff and personnel, had a duty to plaintiff and other inmates working in the kitchen, pursuant to its agreement/contract with defendant MTC and its providing services at NCCC, to comply with Ohio laws codes, regulations, rules,

and protocol and provide reasonable, safe and appropriate working conditions for inmates, such as plaintiff, who are under their control and supervision.

10. Defendant MTC, its employees, staff, agents and personnel had a duty pursuant to Ohio Laws, regulations and codes as well as ODRC regulations, policies and/or protocol to issue kitchen workers such as plaintiff slip resistant shoes for working in the kitchen and the kitchen area.

11. Defendant Trinity its employees, staff, agents and personnel had a duty, pursuant to its agreement/contract with defendant MTC and its providing services at NCCC, to comply with Ohio Laws, regulations and codes as well as ODRC regulations, policies and/or protocol, to ensure kitchen workers, such as plaintiff, had and wore slip resistant shoes while working in the kitchen and the kitchen area.

12. Defendant Trinity its employees, staff, agents and personnel had a duty pursuant to its agreement/contract with defendant MTC and its providing services at NCCC, to comply with Ohio Laws, regulations and codes as well as ODRC regulations, policies and/or protocol, to ensure kitchen workers, such as plaintiff, were trained, instructed, in proper and appropriate cleaning methods for working in the kitchen. Defendant Trinity duty included supervising the kitchen areas and where and when any spills occurred that inmates properly and appropriately cleaned the spillage up.

13. Defendant MTC, its employees, staff, agents and personnel knew or should have known that if plaintiff was working in and/or around the kitchen area without slip resistant shoes, should plaintiff slip on a wet or slick substance on the concrete floor in the kitchen area plaintiff would sustain serious personal injury.

14. Defendant MTC, its employees, staff, agents and personnel knew or should have known that, it was foreseeable, if plaintiff was working in and/or around the kitchen area without being required to wear slip resistant shoes, should plaintiff slip on a wet, or slick, substance on the concrete floor in the kitchen area plaintiff would sustain serious personal injury.

15. Further, defendant MTC, its employees; staff, agents and personnel knew or should have known that is was foreseeable if wet and/or slick substances were on the kitchen area floor and not cleaned up promptly, or signs placed alerting workers about a dangerous condition on the floor, inmates who were working in and/or around the kitchen area, would slip and fall and sustain serious personal injury.

3

16. Defendant Trinity its employees, staff, agents and personnel knew or should have known that if plaintiff was working in and/or around the kitchen area without slip resistant shoes, should plaintiff slip on a wet or slick substance on the concrete floor in the kitchen area plaintiff would sustain serious personal injury.

17. Defendant Trinity, its employees, staff, agents and personnel knew or should have known that, it was foreseeable, if plaintiff was working in and/or around the kitchen area without being required to wear slip resistant shoes, should plaintiff slip on a wet, or slick, substance on the concrete floor in the kitchen area plaintiff would sustain serious personal injury.

18. Defendant Trinity its employees, staff, agents and personnel knew or should have known that, it was foreseeable, if plaintiff was working in and/or around the kitchen area and his co-workers – other inmates, had not been fully, adequately and/or properly trained, instructed regarding cleaning up spills onto the kitchen floor, should plaintiff slip on a wet, or slick, substance that had not been appropriately cleaned up in the kitchen area plaintiff would sustain serious personal injury.

19. On or about May 20, 2017, Defendant MTC, its employees, staff, personnel and/or agents breached their duty of care to plaintiff by failing to issue him slip resistant work shoes and this breach was negligence.

20. On or about May 20, 2017, Defendants MTC and Trinity, its employees, staff, personnel and/or agents breached their duty of care to plaintiff by failing to properly, appropriately instruct, train, supervise inmates working in the kitchen appropriate and proper clean-up of slippery/oily substances on the kitchen area floor such that once a spill occurred on this date and it was not cleaned appropriately and/or properly a dangerous floor condition resulted and this breach was negligence.

21. As a direct and proximate result of defendants Trinity and MTC's negligence plaintiff White slipped on a slippery/oily substance while working in the kitchen areas and sustained a fractured right elbow, a hairline fracture in the left hip, suffered extreme pain, anxiety, fear, loss of range of motion in his elbow, loss of quality of life, and lost income which will be established at trial.

22. Plaintiff's complaint here is a re-filing of the litigation (case number 2018 cv 0307) he voluntarily dismissed pursuant to Civ. R. 41(A) on May 6, 2019.

WHEREFORE, plaintiff Todd White prays for judgment, jointly and severally, against defendants Management & Training Corp. and Trinity Services Group, Inc., in an amount in excess of $25,000.00 for compensatory damages, as well as lost income, interest and prejudgment interest, costs and any other relief this Court finds just and reasonable.

Respectfully submitted,

Patricia Horner
Counsel for Plaintiff

 CT Corporation

**Service of Process Transmittal**
05/23/2019
CT Log Number 535538623

TO: Lisa Rich
Management & Training Corporation
500 North Marketplace Drive
Centerville, UT 84014-

RE: **Process Served in Ohio**

FOR: Management & Training Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Todd White, Pltf. vs. Management & Training Corp. and Trinity Services Group, Inc., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Complaint |
| **COURT/AGENCY:** | Marion County Common Pleas Court, OH<br>Case # 2019CV0327 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 05/20/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/23/2019 postmarked on 05/20/2019 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service of this summons on you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | PATRICIA HORNER<br>412 FOURTEENTH STREET<br>TOLEDO, OH 43624<br>(419)-699-6163 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/23/2019, Expected Purge Date: 05/28/2019<br><br>Image SOP<br><br>Email Notification,  Lisa Rich  lisa.rich@mtctrains.com<br><br>Email Notification,  Mary Barnes  Mary.Barnes@mtctrains.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219 |
| **TELEPHONE:** | 617-531-5859 |

Page 1 of  1 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Jessica Wallace
Marion County Clerk of Courts
100 N. Main Street
Marion, OH 43302



9414 7266 9904 2110 7642 73



U.S. POSTAGE >> PITNEY BOWES

ZIP 43302 $ 006.95⁰
02 4W
0000355445 MAY 20 2019

2019 CV 0327
9 4 1472 6699 0421 1076 427 3

Management & Training Corp.
c/o Statutory Agent
CT Corporation System
4400 Easton Commons Way., Ste 1
Columbus, OH 43219

4321936226 CO15

## SUMMONS ON COMPLAINT
### Court of Common Pleas, Marion County, Ohio
### Jessica Wallace, Clerk of Courts

Date of Issuance: May 17, 2019

Todd White vs. Management & Training Corp. et al          2019 CV 0327

Todd White, Plaintiff
c/o Pat Horner, Atty
412 14th Street
Toledo, OH 43604

To:     **Management & Training Corp.**
        c/o Stat Agt
        CT Corporation System
        4400 Easton Commons Way., Ste 125
        Columbus, OH 43219

To the following named defendants:
        Trinity Services Group, Inc.

You have been named defendant(s) in a complaint filed in:
        Marion County Court of Common Pleas
        Marion County Courthouse
        100 North Main Street
        Marion, OH 43302

By:     **Todd White**
        Attorney: PATRICIA HORNER  39912
               412 FOURTEENTH STREET
               TOLEDO, OH 43624
               (419)-699-6163

plaintiff(s). A copy of the complaint is attached.

You are hereby summoned and required to serve upon the plaintiff's attorney (or upon the plaintiff, if he has no attorney of record) a copy of an answer to the complaint within twenty-eight days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

### JESSICA WALLACE, MARION CO. CLERK OF COURTS

*Dawn P. McCormack*

By: _____
        **Deputy Clerk**

COMMON PLEAS COURT
MARION CO. OHIO

2019 MAY 16 PM 3: 53

CLERK OF COURTS

In the Common Pleas Court
of Marion County, Ohio

Todd White
C/o Pat Horner, Attorney
412 14th Street
Toledo, OH 43604

**Plaintiff**

v.

Management & Training
Corp.,
C/o Statutory Agent
CT Corp. System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219
        and
Trinity Services Group, Inc.
c/o Statutory Agent
CT Corp. System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

**Defendants.**

Case No.  **2019CV 0327**

Judge  **JUDGE JASON D. WARNER**

Complaint

Patricia Horner
S. Ct. #0039912
412 14th Street
Toledo, OH 43604
(419) 699-6163
FAX (419) 244-1119
attorneypath@gmail.com

 And
Wesley Miller Jr.
S. Ct. #0043875
2940 Astor Ave.
Columbus, OH 43209
(419) 508-7892

Attorneys for plaintiff

        Now comes Todd White, plaintiff, through his attorneys and hereby alleges the

following cause of action.

        1. Todd White, plaintiff, is an inmate at North Central Correctional Complex (NCCC)
and has been throughout the time giving rise to the events set forth herein.

1

2. NCCC is located in Marion, Marion County, Ohio. It is a privately operated prison by Management & Training Corporation (MTC) which has its headquarters in Utah, is incorporated in the State of Delaware and is authorized by law to do business in Ohio.

3. At all times relevant here, MTC operates NCCC pursuant to an Agreement of Understanding/Memorandum of Understanding/contract it has with the State of Ohio and its agency Ohio Department of Rehabilitation and Corrections (ODRC). MTC is required by the contract/memorandum of understanding/agreement with the State of Ohio to comply with the laws, rules, code and regulations of the State of Ohio, the rules, regulations, protocol of ODRC and the Constitution of the United States of America and of the State of Ohio.

4. Defendant MTC had a duty to plaintiff pursuant to Ohio laws, rules, codes, regulations and protocol to provide reasonable, safe and appropriate working conditions for inmates, such as plaintiff, who are under its control and in its custody.

5. Defendant MTC its employees, agents, staff and personnel had a duty to plaintiff pursuant to Ohio laws codes, regulations, rules, and protocol to provide reasonable, safe and appropriate working conditions for inmates, such as plaintiff, who are under their control and supervision.

6. Defendant Trinity Services Group, Inc. (hereinafter Trinity) is a foreign corporation, incorporated under the laws of the State of Florida, is authorized to do business in the State of Ohio and has an agreement/contract/memorandum of understanding to provide kitchen services at NCCC, including food preparations, training, instructing and supervising inmates in kitchen services.

7. Plaintiff White was working in the NCCC kitchen on or about May 20, 2017 when he slipped and fell, landing on the concrete floor on his right elbow. Mr. White sustained serious injuries to his right elbow and sustained injuries to his left hip.

8. Plaintiff was not issued slip resistant shoes as required by ODRC for working in and around the NCCC kitchen area. Plaintiff asked NCCC employees, Sargent Nance and C.O. Mrs Smith (first name unknown) for these boots several times, but was not ever issued any.

9. Defendant Trinity, its employees, agents, staff and personnel, had a duty to plaintiff and other inmates working in the kitchen, pursuant to its agreement/contract with defendant MTC and its providing services at NCCC, to comply with Ohio laws codes, regulations, rules,

and protocol and provide reasonable, safe and appropriate working conditions for inmates, such as plaintiff, who are under their control and supervision.

10. Defendant MTC, its employees, staff, agents and personnel had a duty pursuant to Ohio Laws, regulations and codes as well as ODRC regulations, policies and/or protocol to issue kitchen workers such as plaintiff slip resistant shoes for working in the kitchen and the kitchen area.

11. Defendant Trinity its employees, staff, agents and personnel had a duty, pursuant to its agreement/contract with defendant MTC and its providing services at NCCC, to comply with Ohio Laws, regulations and codes as well as ODRC regulations, policies and/or protocol, to ensure kitchen workers, such as plaintiff, had and wore slip resistant shoes while working in the kitchen and the kitchen area.

12. Defendant Trinity its employees, staff, agents and personnel had a duty pursuant to its agreement/contract with defendant MTC and its providing services at NCCC, to comply with Ohio Laws, regulations and codes as well as ODRC regulations, policies and/or protocol, to ensure kitchen workers, such as plaintiff, were trained, instructed, in proper and appropriate cleaning methods for working in the kitchen. Defendant Trinity duty included supervising the kitchen areas and where and when any spills occurred that inmates properly and appropriately cleaned the spillage up.

13. Defendant MTC, its employees, staff, agents and personnel knew or should have known that if plaintiff was working in and/or around the kitchen area without slip resistant shoes, should plaintiff slip on a wet or slick substance on the concrete floor in the kitchen area plaintiff would sustain serious personal injury.

14. Defendant MTC, its employees, staff, agents and personnel knew or should have known that, it was foreseeable, if plaintiff was working in and/or around the kitchen area without being required to wear slip resistant shoes, should plaintiff slip on a wet, or slick, substance on the concrete floor in the kitchen area plaintiff would sustain serious personal injury.

15. Further, defendant MTC, its employees, staff, agents and personnel knew or should have known that is was foreseeable if wet and/or slick substances were on the kitchen area floor and not cleaned up promptly, or signs placed alerting workers about a dangerous condition on the floor, inmates who were working in and/or around the kitchen area, would slip and fall and sustain serious personal injury.

3

16. Defendant Trinity its employees, staff, agents and personnel knew or should have known that if plaintiff was working in and/or around the kitchen area without slip resistant shoes, should plaintiff slip on a wet or slick substance on the concrete floor in the kitchen area plaintiff would sustain serious personal injury.

17. Defendant Trinity, its employees, staff, agents and personnel knew or should have known that, it was foreseeable, if plaintiff was working in and/or around the kitchen area without being required to wear slip resistant shoes, should plaintiff slip on a wet, or slick, substance on the concrete floor in the kitchen area plaintiff would sustain serious personal injury.

18. Defendant Trinity its employees, staff, agents and personnel knew or should have known that, it was foreseeable, if plaintiff was working in and/or around the kitchen area and his co-workers – other inmates, had not been fully, adequately and/or properly trained, instructed regarding cleaning up spills onto the kitchen floor, should plaintiff slip on a wet, or slick, substance that had not been appropriately cleaned up in the kitchen area plaintiff would sustain serious personal injury.

19. On or about May 20, 2017, Defendant MTC, its employees, staff, personnel and/or agents breached their duty of care to plaintiff by failing to issue him slip resistant work shoes and this breach was negligence.

20. On or about May 20, 2017, Defendants MTC and Trinity, its employees, staff, personnel and/or agents breached their duty of care to plaintiff by failing to properly, appropriately instruct, train, supervise inmates working in the kitchen appropriate and proper clean-up of slippery/oily substances on the kitchen area floor such that once a spill occurred on this date and it was not cleaned appropriately and/or properly a dangerous floor condition resulted and this breach was negligence.

21. As a direct and proximate result of defendants Trinity and MTC's negligence plaintiff White slipped on a slippery/oily substance while working in the kitchen areas and sustained a fractured right elbow, a hairline fracture in the left hip, suffered extreme pain, anxiety, fear, loss of range of motion in his elbow, loss of quality of life, and lost income which will be established at trial.

22. Plaintiff's complaint here is a re-filing of the litigation (case number 2018 cv 0307) he voluntarily dismissed pursuant to Civ. R. 41(A) on May 6, 2019.

WHEREFORE, plaintiff Todd White prays for judgment, jointly and severally, against defendants Management & Training Corp. and Trinity Services Group, Inc., in an amount in excess of $25,000.00 for compensatory damages, as well as lost income, interest and prejudgment interest, costs and any other relief this Court finds just and reasonable.

Respectfully submitted,

Patricia Horner
Counsel for Plaintiff

IN THE COURT OF COMMON PLEAS
MARION COUNTY, OHIO

| | | |
|---|---|---|
| TODD WHITE, | ) | CASE NO. 2019CV0327 |
| | ) | |
| Plaintiff, | ) | JUDGE JASON D. WARNER |
| v. | ) | |
| | ) | |
| MANAGEMENT & TRAINING CORP., | ) | **NOTICE OF APPEARANCE** |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Management & Training Corp., hereby requests this Court and Clerk to enter

the appearance of John P. Bacevice, Jr., Timothy T. Reid, and Kenneth E. Smith as their attorneys-

of-record in the above captioned matter.

Respectfully submitted,

TIMOTHY T. REID (0007272)
JOHN P. BACEVICE, JR. (0087306)
KENNETH E. SMITH (0090761)
MANSOUR GAVIN LPA
North Point Tower
1001 Lakeside Avenue, Ste. 1400
Cleveland, OH 44114
Phone:   216.523.1500
Fax:       216.523.1705
treid@mggmlpa.com
jbacevice@mggmlpa.com
ksmith@mggmlpa.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Notice of Appearance* was sent to all parties by email and U.S. Mail this 19th day of June 2019 upon the following:

Patricia Horner, Esq.
412 14th Street
Toledo, OH 43604
attorneypath@gmail.com

Wesley M. Miller, Jr., Esq.
3550 Executive Parkway
Suite 7 #338
Toledo, Ohio 43606
wes@wesleymillerlaw.com

*Attorneys for Plaintiff*

JOHN P. BACEVICE (0087306)
*Attorney for Defendant*

IN THE COURT OF COMMON PLEAS
MARION COUNTY, OHIO

| | | |
|---|---|---|
| TODD WHITE, | ) | CASE NO. 2019CV0327 |
| | ) | |
| Plaintiff, | ) | JUDGE JASON D. WARNER |
| v. | ) | |
| | ) | |
| MANAGEMENT & TRAINING CORP., | ) | **ANSWER** |
| *et al.*, | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) | |

Defendant Management & Training Corp., (hereafter "MTC") by and through counsel, answers Plaintiff's Complaint as follows:

FIRST DEFENSE

1.     Defendant admits the allegations in Paragraphs 1 and 2 of Plaintiff's Complaint.

2.     Defendant admits the operation of NCCC for the State of Ohio but denies all other allegations contained in paragraph 3 of the Complaint.

3.     Defendant admits a duty to operate NCCC appropriately but denies any breach of duty and denies all other allegations contained in paragraphs 4 and 5 of the Complaint.

4.     Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to the truth or veracity of the allegations therein.

5.     Defendant denies the allegations in Paragraphs 7 and 8 of Plaintiff's Complaint.

6.     Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to the truth or veracity of the allegations therein.

7.     Defendant denies the allegations in Paragraphs 10 through 12, inclusive, of Plaintiff's Complaint.

8.     Defendant denies the allegations in Paragraphs 13 through 21, inclusive, of Plaintiff's Complaint.

9.     Defendant admits the allegations in Paragraph 22 of Plaintiff's Complaint.

10.    Defendant denies each and every remaining allegation in Plaintiff's Complaint not expressly admitted to be true.

<u>SECOND DEFENSE</u>

11.    Plaintiff fails to state a claim upon which relief can be granted.

<u>THIRD DEFENSE</u>

12.    Plaintiff's negligence proximately caused and/or contributed to the alleged damages to the extent Plaintiff is barred from recovery.

<u>FOURTH DEFENSE</u>

13.    Plaintiff assumed the risk of any damages.

<u>FIFTH DEFENSE</u>

14.    Plaintiff failed to exhaust administrative remedies.

<u>SIXTH DEFENSE</u>

15.    Defendant reserves the right to assert additional defenses as such additional defenses should become available during the course of discovery herein.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed at Plaintiff's cost and any other relief the Court deems just.

A TRIAL BY JURY IS DEMANDED HEREIN.

Respectfully submitted,

JOHN P. BACEVICE (0087306)
TIMOTHY T. REID (0007272)
KENNETH E. SMITH (0090761)
MANSOUR GAVIN LPA
North Point Tower
1001 Lakeside Avenue, Ste. 1400
Cleveland, OH 44114
Phone:   216.523.1500
Fax:       216.523.1705
jbacevice@mggmlpa.com
treid@mggmlpa.com
ksmith@mggmlpa.com
*Attorneys for Defendant MTC*

## JURY DEMAND

Defendant, by and through counsel, hereby demands a trial by the maximum number of jurors available.

JOHN P. BACEVICE (0087306)
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Answer* was served via email and U.S. Mail this __19th__ day of June 2019 upon the following:

Patricia Horner, Esq.
412 14th Street
Toledo, OH 43604
attorneypath@gmail.com

Wesley M. Miller Jr., Esq.
3550 Executive Parkway
Suite 7 #338
Toledo, OH 43606
wes@wesleymillerlaw.com

*Attorneys for Plaintiff*

JOHN P. BACEVICE (0087306)
*Attorney for Defendant*



Common Pleas Court of Marion County, Ohio

Todd White

          Plaintiff

v.

Management & Training
Corp., et al.,

          Defendants.

Case No. 2019 cv 0327

Judge Jason D. Warner

PRAECIPE

Patricia Horner
S. Ct. #0039912
412 14th Street
Toledo, OH 43604
(419)  699-6163
FAX (419) 244-1119
attorneypath@gmail.com
Counsel for plaintiff

***************

Now comes plaintiff through Counsel and respectfully requests this Clerk to serve

defendant Trinity Services Group, by U.S. certified mail, at the following address:

Trinity Services Group, Inc.
c/o CT Corp. System
Statutory Agent
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

Respectfully submitted

Patricia Horner

COMMON PLEAS COURT
MARION CO. OHIO

2019 JUL 10  AM 10: 29

JESSICA WALLACE
CLERK OF COURTS

**IN THE COURT OF COMMON PLEAS OF MARION COUNTY, OHIO**
**GENERAL DIVISION**

|  |  |
|---|---|
| | *         **Case No.  19CV0327** |
| **TODD WHITE,** | |
| | * |
| **PLAINTIFF,** |     **ORDER TO PROVIDE COPIES** |
| **vs.** | *       **TO ASSIGNED JUDGE** |
| | |
| **MANAGEMENT & TRAINING** | * |
| **CORP., et al.,** | |
|     **DEFENDANTS.** | * |

* * * * * * * * * * * * * * * * * * * *

This matter came before the Court upon consideration of the status of the within captioned matter.  The Court notes that the Honorable William R. Finnegan, a retired judge from the Marion County Court of Common Pleas, is being assigned to this case effective July 1, 2019 through September 30, 2019 by Chief Justice Maureen O'Conner.  The Court therefore finds it appropriate that copies of all filing in this matter be provided to the assigned Judge.

**IT IS THEREFORE ORDERED** that any party filing documents in the above captioned matter shall provide a copy to Retired Judge William R. Finnegan, Sitting by Assignment, 100 North Main St., Courtroom 3, Marion, OH 43302, and shall include memorandum of service in their certificate of service attached to each document filed.  Court captions in this Case shall continue to reflect the name of Judge Jason D. Warner; signature lines shall reflect "Visiting Judge William R. Finnegan, Sitting by Assignment" for signature. This Order shall be effective immediately.

**Warren T. Edwards**
**Administrative Judge**

1

C: Patricia Horner, Attorney for Plaintiff
       412 14th St., Toledo, OH 43604
    Wesley Miller, Jr., Attorney for Plaintiff
       2940 Astor Ave., Columbus, OH 43209
    Kenneth E. Smith & Timothy T. Reid, Attorney for Defendant Management
       Mansour Gavin LPA
       North Point Tower, 1001 Lakeside Ave., Ste. 1400
       Cleveland, OH 44114

# The Supreme Court of Ohio

COMMON PLEAS COURT
MARION CO. OHIO

2019 JUN 27  PH 12: 57

JESSICA WALLACE
CLERK OF COURTS

## CERTIFICATE OF ASSIGNMENT

The Honorable William R. Finnegan, a retired judge of the Marion
County Court of Common Pleas, General Division, is assigned effective
June 11, 2019 to preside in the Marion County Court of Common Pleas,
General Division for the period of July 1, 2019 through September 30,
2019 and to conclude any proceedings in which he participated that are
pending at the end of that period.

Maureen O'Connor
Chief Justice

19JA1540